IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domingo Hernandez,<br><br>   Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>   Defendant. | No. CV-05-3177-PHX-NVW (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, previously confined[1] in the Durango Jail in Phoenix, Arizona, filed with the Clerk of the Court on October 12, 2005, a *pro se* Civil Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983. Plaintiff has been authorized to proceed *In Forma Pauperis,* and the court has directed monthly payments to be made from his prison account.

On March 22, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on April 10, 2006. (Doc. No. 3). The docket indicates that the Clerk of Court mailed the order and service packet accordingly. On March 27, 2006, the mail was returned to the Clerk of the Court with notations indicating "Return to Sender ... Unable to Forward ... Released" (Doc. No. 5) The docket indicates

---

[1] According to the Court's docket, mail sent to Hernandez on March 23, 2006 was returned because Green had been released from prison. (Doc. No. 5.)

- 1 -

1 that the Clerk of the Court researched Plaintiff's address to no avail.  Since then, Plaintiff has
2 failed to file a Notice of Change of Address, or in any way to notify the Court of his
3 whereabouts.

4 Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an
5 incarcerated litigant comply with the instructions attached to the Court-approved Complaint
6 form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any
7 change in your mailing address.  Failure to notify the court of any change in your mailing
8 address may result in the dismissal of your case."  (Information and Instructions for a
9 Prisoner Filing Civil Rights Complaint at 2).

10 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply
11 with the following rules will result in your document being STRUCK and/or your case being
12 DISMISSED."  (Doc. No. 2).  One of the rules listed was that "[y]ou must file a Notice of
13 Change of Address if your address changes."  (Doc. No. 2).

14 Plaintiff has the general duty to prosecute his case.  *Fidelity Philadelphia Trust Co.*
15 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
16 duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her
17 current address, and to comply with the Court's orders in a timely fashion.  The Court does
18 not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
19 the burden of keeping the court apprised of any changes in his mailing address."  *Carey v.*
20 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of
21 his new address constitutes failure to prosecute.

22 In addition, Plaintiff has failed to return a completed service packet, to obtain waiver
23 of service or to complete service of the Summons and Complaint on Defendants in this case.
24 The order that was mailed to Plaintiff along with the service packet notified Plaintiff that
25 failure to comply with every provision of the order would result in dismissal pursuant to Rule
26 41(b) of the Federal Rules of Civil Procedure.  (Doc. No. 4).  The order contained provisions
27 that required Plaintiff to return the service packet within 20 days of the date of filing of the
28 order.  Plaintiff was also notified that if he failed to comply with the order, the United States


1  Marshal would not provide service of process.  Plaintiff was further notified within the order
2  that he must complete service of the Summons and Complaint on the Defendants within 120
3  days of the filing date of the complaint or within 60 days of the filing of the order, whichever
4  was later.  The order notified Plaintiff that failure to comply with either provision would
5  result in dismissal of his case.  More than 120 days have passed since Plaintiff filed his
6  complaint, and to date service has not been completed.  Plaintiff's failure to complete service
7  of the Summons and Complaint on the Defendants within 120 days of the filing date of the
8  complaint or within 60 days of the filing of the order also constitutes failure to prosecute.

9  A federal district court has the inherent power to dismiss a case *sua sponte* for failure
10  to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).  In appropriate
11  circumstances, the Court may dismiss a complaint for failure to prosecute even without
12  notice or hearing.  *Id*. at 633. In determining whether Plaintiff's failure to prosecute warrants
13  dismissal of the case, the Court must weigh the following five factors: "(1) the public's
14  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
15  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
16  their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,
17  1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).
18  "The first two of these factors favor the imposition of sanctions in most cases, while the
19  fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice
20  and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.
21  1990).

22  Here, the first, second, and third factors favor dismissal of this case.   Plaintiff's
23  failure to keep the Court informed of his address, actively participate in this case or serve
24  Defendants prevents the case from proceeding in the foreseeable future.  The fourth factor,
25  as always, weighs against dismissal.  The fifth factor requires the Court to consider whether
26  a less drastic alternative is available.

27  The Court finds that only one less drastic sanction is realistically available.  Rule
28  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

1 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
2 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
3 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
4 Procedure.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-05-3177-PHX-NVW.**

DATED this 30th day of May, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge